UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES O. ANDERSON,<br><br>           Petitioner<br><br>v.<br><br>WARDEN ARVIZA,<br><br>           Respondent. | CIVIL ACTION NO. 3:24-CV-00477<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

James O. Anderson ("Anderson"), who is a federal inmate housed at the Federal Correctional Institution Allenwood ("FCI-Allenwood"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 12, 2024. (Doc. 1). In his petition, Anderson challenges the calculation of his pretrial custody time credit. Respondent has presented evidence that this calculation has been corrected and that Anderson has been awarded the time credit he sought in his petition. Therefore, the court will dismiss the petition as moot and close the case.

**I.**  **BACKGROUND AND PROCEDURAL HISTORY**

On March 12, 2024, Anderson filed the instant petition pursuant to § 2241 alleging he was not awarded credit for time spent in pretrial custody. (Doc. 1). Specifically, he alleges that he should be given credit from May 27, 2006 through the present.

On May 1, 2024, the court entered an order to show cause serving Respondent Warden Arviza and requiring a response. (Doc. 7). On May 22, 2024, Respondent filed a suggestion of mootness stating the United States Attorney's Office became aware that Anderson was recently credited with the time spent in custody since May 27, 2006 and three days of credit

from time spent in custody in May 2005. (Doc. 8). Anderson has not responded to the Respondent's suggestion of mootness.

**II.    DISCUSSION**

For federal prisoners, 28 U.S.C. § 2241 confers habeas jurisdiction over an inmate's challenge to the execution – as opposed to the validity – of his sentence. *Cardona v. Bledsoe*, 681 F.3d 533,535 (3d Cir. 2012). Two types of claims may ordinarily be litigated in a § 2241 proceeding. First, a prisoner may challenge conduct undertaken by the BOP that affects the duration of his custody. For example, a prisoner can challenge the BOP's computation of his federal sentence, see, e.g., *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990), or the constitutionality of a BOP disciplinary action that resulted in the loss of good conduct sentencing credits, *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008). Secondly, a prisoner can challenge BOP conduct that "conflict[s] with express statements in the applicable sentencing judgment." *Cardona*, 681 F.3d at 536.

Before addressing the merits of Anderson's petition, however, the Court must first consider whether Anderson's claims are moot because he has been credited the time spent in custody from May 27, 2006 through the present. "Under Article III of the Constitution, a federal court may adjudicate 'only actual, ongoing cases or controversies.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). In order to meet this standard, and "[t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Burkey*, 556 F.3d at 147 (quoting *Lewis*, 494 U.S. at 477). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake

in the outcome." *Burkey*, 556 F.3d at 147 (citing *Lewis*, 494 U.S. at 477-78). Accordingly, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak*, 77 F.3d at 698-99.

Here, Anderson has been credited with the time spent in custody since May 27, 2006 and three days of credit from time spent in custody in May 2005. (Doc. 8). Therefore, seeing as there has been no response from Anderson refuting Respondent's report, the Court finds there is no longer a case or controversy. The petition will be dismissed, and the case will be closed.

**III.   CONCLUSION**

For the above stated reasons, the Court will dismiss the petition and close the case. An appropriate order follows.

Dated: July 10, 2024                                                                  *s/ Karoline Mehalchick*
                                                                                              **KAROLINE MEHALCHICK**
                                                                                              **United States District Judge**

3